IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARTIN AKUSOBA, et al.,

      Plaintiffs,

    v.

PRIME HEALTHCARE SERVICES, INC., et al.,

      Defendants.

Case No. 2:25-cv-01515-JLG-KAJ

Judge James L. Graham

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants Prime Healthcare Services, Inc., Prime Healthcare Foundation Inc., Prime Healthcare Foundation-Coshocton LLC d/b/a Coshocton Regional Medical Center, and Dr. Prem Reddy, (collectively "Defendants"), by and through their undersigned attorneys Littler Mendelson, P.C., file this brief in opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint. (Doc. 20.)

## I.    INTRODUCTION

Plaintiff's Amended Complaint—the operative pleading in this matter—is the subject of a motion to dismiss currently pending before the Court. Plaintiffs now recognize the legal infirmity in the sole claim in their Amended Complaint pursuant to which they can seek an award of attorneys' and costs, so they ask the Court to grant them leave to amend expressly for the purpose of adding backup claims through which they might still recover fees and costs if the Court should grant Defendants' pending motion. While leave to amend is freely granted in the interests of justice, the mere desire to recoup attorneys' fees absent a legitimate basis to do so does not serve "the interests of justice" in any respect. In their zeal to ensure that their pleading includes a claim through which they might recover fees and costs, Plaintiffs have overlooked the fact that the claims

they propose to add to their pleading are not legally viable. A motion for leave should not be granted where the proposed amendment would be futile. If the Court permits Plaintiffs' proposed amendment, the new claims will be subject to dismissal with prejudice. As such, the Court should deny Plaintiffs' motion for leave.

## II.     RELEVANT PROCEDURAL HISTORY

Plaintiffs are physicians, each being either a medical doctor ("M.D.") or doctor of osteopathy ("D.O.") (Doc. 1-1, Compliant ("Compl.") ¶¶ 16-19.) On November 26, 2025, Plaintiffs filed their original Complaint in the Court of Common Pleas for Coshocton County, Ohio. (Doc. 1-1.) In it, they stated that they entered contracts as independent contractors with non-party HLES of Ohio, an affiliate of non-party National Emergency Services Health ("NES"), to work in the emergency department at Coshocton Hospital and that NES filed for bankruptcy, failing to pay them for their work. (*Id.* at Introductory Statement and ¶¶ 39-40.) Plaintiffs speculatively alleged that each Defendant jointly employed them. (*Id.* ¶ 23.) In their original pleading, Plaintiffs asserted claims for violation of the Ohio Prompt Pay Act ("OPPA"), violation of O.R.C. § 2307.60, breach of implied contract, and quantum meruit. (*Id.* at Counts I-IV.)

After Defendants removed the matter to this Court, Plaintiffs indicated that they intended to file an Amended Complaint. As such, the parties jointly moved the Court to extend deadlines. (Doc. 8.) The Court granted that motion and set January 30, 2026 as the deadline for Plaintiffs to file their amended pleading. (Doc. 9.)

Plaintiffs filed their Amended Complaint on January 29, 2026, asserting the same four causes of action as in their original pleading, with amended factual allegations. (Doc. 10.) On February 12, 2026, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a claim pursuant to Federal Rule 12(b)(6). (Doc. 13.) Plaintiffs filed their opposition

on March 5, 2026. (Doc. 15.) Defendants filed their Reply on March 19, 2026. (Doc. 19.)

Defendants' motion is currently pending before the Court awaiting decision. Among other things,

Defendants set forth several reasons why Plaintiffs' claim for violation of the OPPA (and

derivative claim for violation of O.R.C. § 2307.60) fails and should be dismissed with prejudice.

(*Id.* at 7-11.)

Plaintiffs now seek to further amend their pleading *for a second time* so that, in the event

the Court dismisses their OPPA claim, they "would still be entitled to recover attorneys' fees and

costs" under the federal Fair Labor Standards Act ("FLSA") and Ohio law. (Doc. 20 at 5.) They

have submitted a proposed Second Amended Complaint in which they propose to withdraw their

claim for violation of O.R.S. § 2307.60 and add claims for violations of the minimum wage

provisions of the FLSA, the Ohio Constitution, and Ohio's wage law, noting that they permit the

recovery of attorneys' fees and costs. (Doc. 20 at 4; *see also* Doc. 20-1 at Counts II and III.)

On April 24, 2026, the Court ordered expedited briefing on Plaintiffs' motion for leave,

setting May 7, 2026 as the deadline for Defendants' response. (Doc. 21.) Defendants submit this

Opposition in accordance with the Court's Order.

III.    **LAW AND ARGUMENT**

  A.    **Legal Standard**

A party may amend its pleading once as a matter of course at any time before the responsive

pleading is served. Fed. R. Civ. P. 15(a). However, after a responsive pleading has been served, a

party may amend its pleading only by leave of court, and leave shall be freely given only when

justice so requires. *Id.*

"'A motion to amend a complaint should be denied if the amendment … would be futile.'"

*Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750,

753 (6th Cir. 1995)); *accord Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) ("A

court need not grant leave to amend, however, where amendment would be 'futile.'") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Willoughby v. Harger*, No. 2:20-CV-620, 2020 WL 1182312, at *2 (S.D. Ohio Mar. 12, 2020) ("a motion to amend a complaint should be denied if the amendment would be futile") (Graham J.). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller*, 408 F.3d at 817; *Evans v. Aloisio*, 478 F. Supp. 3d 649, 653 (S.D. Ohio 2020) (same).

Here, each of Plaintiffs' proposed new claims to their pleading is not viable, as a matter of law, and, if filed, would be subject to dismissal. As such, the court should deny Plaintiffs' motion for leave to amend as futile.

**B.      Granting Plaintiffs Leave to Amend Would be Futile Because Each of the Claims They Propose to Add to Their Pleading is Legally Non-Viable**

**1.      If Filed, Plaintiffs' Proposed Claim Under the FLSA (Proposed Count II) Would Be Subject to Dismissal with Prejudice**

Plaintiffs propose to bring a claim against Defendants for failure to pay minimum wages pursuant to 29 U.S.C. § 206(a) of the FLSA. (*See* Doc. 20-1, Proposed Second Amended Complaint ("Proposed SAC"), at Count II.) This provision of the FLSA does not apply to Plaintiffs, each of whom is, by their own admission, a licensed physician. (*See id.* ¶ 31.) Specifically, the FLSA makes clear that the minimum wage provisions set forth in 29 U.S.C. § 206 (the statutory provision on which Plaintiffs propose to base their claim – *see id.* ¶ 104) "***shall not apply*** with respect to an employee employed in a bona fide … professional capacity." 29 U.S.C. § 213(a)(1) (emphasis added). An "employee employed in a bona fide professional capacity" includes ***"[a]ny employee who is the holder of a valid license or certificate permitting the practice of … medicine*** …." 29 C.F.R. § 431.304(a)(1) (emphasis added); *see also* U.S. Dep't of Labor Fact Sheet #17D: Exemption for Professional Employees Under the Fair Labor Standards Act

(FLSA) (explaining that, while the FLSA requires that most employees be paid minimum wage, the law provides exemptions, including for persons practicing medicine).[1]

The scope of the FLSA's physician exemption clearly encompasses Plaintiffs. "In the case of medicine, the exemption applies to physicians and other practitioners licensed and practicing in the field of medical science and healing or any of the medical specialties practiced by physicians or practitioners. The term 'physicians' includes medical doctors including general practitioners and specialists, [and] osteopathic physicians (doctors of osteopathy) …." 29 CFR § 541.304(b). Furthermore, unlike other exemptions under the FLSA, the physician exemption does not include a "salary basis" test requiring that a physician earn a minimum salary to qualify for the exemption. 29 CFR § 541.304(d); *see also Clark v. United Emergency Animal Clinic, Inc.,* 390 F.3d 1124, 1128 (9th Cir. 2004) (holding veterinarians fell within exemption and the salary basis requirement did not apply).  Plaintiffs have now filed two pleadings, and propose to file a third, in which they state that they are licensed physicians whose claims are based on their practice of medicine. (Doc. 1-1, ¶ 19; Doc. 10, ¶ 31; Doc. 20-1, ¶ 31.)

Because physicians are exempt from the minimum wage provisions of the FLSA, if Plaintiffs were to amend their complaint to add a claim for failure to pay minimum wages under the FLSA, that claim would be legally non-viable and subject to dismissal. *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.304; *see also*, *e.g.*, *Kollin v. Brio Inc.*, 677 F. Supp. 3d 1002, 1005 (D. Ariz. 2023) ("Dr. Kollin is a licensed physician in the state of Arizona, who is currently engaged in the practice of naturopathic medicine. Consequently, she is an 'employee employed in a bona fide ... professional capacity' and thus cannot bring a minimum wage or overtime claim under the FLSA."); *Brown v. Suncoast Skin Sols., Inc.,* No. 617CV515ORL28TBS, 2017 WL 2361649, at

---

[1] *Available at* https://www.dol.gov/agencies/whd/fact-sheets/17d-overtime-professional.

*3 (M.D. Fla. Apr. 26, 2017), *report and recommendation adopted*, No. 617CV515ORL28TBS, 2017 WL 2364323 (M.D. Fla. May 30, 2017) ("As Plaintiff has pled that she was employed as a medical doctor for the purpose of providing dermatological services, she comes squarely within the unambiguous language of [physician] exemption. Therefore, Plaintiff's FLSA claims must be dismissed, without leave to amend."); *Rifai v. CMS Med. Care Corp.*, No. CV 15-1395, 2016 WL 739279, at *3 (E.D. Pa. Feb. 25, 2016) ("Plaintiff does not dispute that he is a physician practicing in the field of medical science. Therefore, under section 213 of the FLSA and its defining regulation, 29 C.F.R. § 541.304, Plaintiff is exempt under both section 206 and section 207 of the FLSA's minimum wage and overtime provisions. Accordingly, Defendants' Motion to Dismiss Plaintiff's FLSA claim is granted.").

### 2. If Filed, Plaintiffs' Proposed Claim Under the Ohio Constitution and O.R.C. § 4111.02 (Proposed Count III) Would Be Subject to Dismissal with Prejudice

Plaintiffs' proposed claim for alleged violations of the Ohio Constitution and O.R.C. § 4111.02 is likewise non-viable. The Ohio Constitution provides that employers must pay employees the state's minimum wage. Ohio Const., Art. II, § 34a. The terms used in that Constitutional provision, including "'employee' … have the same meanings as under the federal Fair Labor Standards Act." *Id.* The statute that Plaintiffs also propose to base their claim upon, O.R.C. § 4111.02, is Ohio's minimum wage statute. It provides that "[e]very employer, as defined in Section 34a of Article II, Ohio Constitution, shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a of Article II, Ohio Constitution." O.R.C. § 4111.02. The term "'employee' has the same meaning as in section 4111.14 of the Revised Code." *Id.* That provision, in turn, explains that the term "'***employee' … does not mean individuals who are … exempted from the minimum wage requirements in 29 U.S.C. 213***." O.R.C. § 4111.14(B)(1) (emphasis added).

6

"Federal and state courts have repeatedly concluded that 'Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage … provisions." *Haase v. Cameron Mitchell Rests., LLC*, No. 2:23-CV-1316, 2024 WL 23159, at *10 (S.D. Ohio Jan. 2, 2024); *see also* 2022 Ohio Op. Att'y Gen. No. 2022-014 (Nov. 9, 2022) ("Based upon their plain language, Ohio's minimum-wage and overtime statutes, along with the Fair Minimum Wage Amendment in Article II, Section 34a of the Ohio Constitution, both explicitly incorporate the FLSA in its entirety and defer to federal interpretations of FLSA provisions, without limitation."). Thus, a claim for wages under Ohio law is analyzed "in a unitary fashion" with the analysis under the FLSA. *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 69 n.2 (6th Cir. 1997); *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3, *5 (S.D. Ohio June 21, 2016) (noting "that FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to same standards and may be analyzed concurrently" and dismissing claims under both statutes for failure to state a claim).

Under Ohio law, "[t]o be entitled to minimum wage, an individual must be an 'employee.'" *Haight v. Minchak*, 2016-Ohio-1053, ¶ 19, 146 Ohio St. 3d 481, 487, 58 N.E.3d 1135, 1141 (Ohio 2016). Ohio law specifically incorporates the FLSA's exemptions into the definition of who is an employee and they "are to be considered when determining whether an individual is an employee." *Id.* ¶¶ 12-13, 19. As discussed above, the FLSA exempts licensed physicians from its scope. Therefore, so does Ohio law. *See id.*

As such, even if Plaintiffs were not independent contractors, and even if they were—as they allege—employed or jointly employed by Defendants, they are exempt from Ohio's minimum wage provisions for the same reason as they are exempt from the FLSA's minimum wage provision. For this reason, their proposed claim for failure to pay minimum wages pursuant to Ohio law is futile. *See Rifai*, 2016 WL 739279 at *3 (dismissing physician's claim under state

minimum wage act because the state law incorporates the same professional exemption as the FLSA does).

## IV.    CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint.

Dated:  May 7, 2026                                          Respectfully submitted,

*/s/ Alex R. Frondorf*
Alex R. Frondorf, Bar No. 0087071
afrondorf@littler.com
Katherine J. Mills, Bar No. 102569
kamills@littler.com
LITTLER MENDELSON, P.C.
Key Tower
127 Public Square, Suite 1600
Cleveland, OH 44114
Telephone:  216.696.7600
Facsimile:  216.696.2038

Attorneys for Defendants

8

## CERTIFICATE OF SERVICE

I hereby certify that, on May 7, 2026, the foregoing *Defendants' Brief in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint* was filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

In addition, I hereby certify that, on May 7, 2026, the foregoing was served via electronic mail only upon:

Robert E. DeRose
Nickole K. Iula
Anna R. Caplan
BARKAN MEIZLISH DEROSE COX, LLP
4200 Regent Street, Suite 210
Columbus, OH 43219
Email: bderose@barkanmeizlish.com
niula@barkanmeizlish.com
acaplan@barkanmeizlish.com

Scott Goldshaw, Esquire
GOLDSHAW GREENBLATT PIERCE LLC
Two Penn Center, Suite 1230
1500 JFK Boulevard
Philadelphia, PA 19102
Email: sgoldshaw@ggplawfirm.com

*Attorneys for Plaintiff*

/s/ Alex R. Frondorf
An Attorney for Defendants

4915-3475-8053.2 / 096475.1195

9